UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY WESTBERRY, and a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE DISTRIBUTOR CO.,<br><br>Defendant. | CASE NO. C08-5400BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff's Motion to Remand (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2008, Plaintiff Larry Westberry, on behalf of himself and a class of similarly situated individuals, filed suit in Pierce County Superior Court against his employer, Interstate Distributor Co. ("Interstate"), alleging that he worked overtime and did not receive adequate compensation. Dkt. 1, Exh. A at 11-12. On June 24, 2008, Interstate removed this matter to federal court on the basis of diversity jurisdiction. Dkt. 1 at 2. Mr. Westberry now moves to remand on the grounds that the amount in controversy does not exceed $75,000 and, alternatively, urges the Court to abstain from jurisdiction under the *Burford* doctrine. Dkt. 6.

ORDER - 1

## II. DISCUSSION

The federal diversity jurisdiction statute, 28 U.S.C. § 1332, vests district courts with jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Removal of actions filed in state court over which federal courts have original jurisdiction is governed by 28 U.S.C. § 1441. The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The courts "have long imposed the burden of proof on the removing party," who must overcome the "strong presumption" against removal jursidiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus*, 980 F.2d at 566. If the complaint does not specify a particular amount of damages, the removing defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A district court may, in its discretion, accept the parties' post-removal admissions as determinative of the amount in controversy. *Abrego*, 443 F.3d at 690-91.

### A. FORUM DEFENDANT

By virtue of 28 U.S.C. § 1441(b)'s forum defendant rule, "[c]ases removed from state court under § 1441 are ordinarily subject to a stricter diversity standard than applies where original federal jurisdiction is invoked." *Abrego*, 443 F.3d at 680; 28 U.S.C. § 1441(b) (actions arising under diversity jurisdiction are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). The forum defendant rule is procedural, not jurisdictional, and is therefore waived absent an objection. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).

In this case, it is apparently undisputed that Interstate is a forum defendant. *See* Dkt. 1 at 2 (notice of removal). Mr. Westberry does not seek remand on this basis. As

violation of the forum defendant rule is procedural and waivable, the Court does not address this issue.

**B.    AMOUNT IN CONTROVERSY**

Mr. Westberry contends that Interstate's estimates of the amount in controversy are inflated on several grounds:

First, Mr. Westberry contends that Interstate's figures include 30 hours of overtime per week even if Mr. Westberry did not actually work overtime. Similarly, Mr. Westberry contends that Interstate erroneously calculated his overtime compensation because Interstate assumed that Mr. Westberry did not receive any compensation for overtime hours. In the complaint, Mr. Westberry alleges the following facts:

> 2.2  From 2003 through 2007, Westberry was employed by Interstate Distributor as a truck driver and performed an average of between sixty and seventy hours of work per week, for which he was compensated on a per-mile basis. On a per-week basis, his per-mile compensation remained the same subsequent to his performing forty hours of work as it did prior to his performing forty hours of work. He did not receive overtime pay for hours worked in excess of forty hours per week.
>
> 2.3  Westberry drove in excess of forty hours a week in Washington and other states as well.

Dkt. 1 at 12. To determine the amount in controversy, Interstate assumed that Mr. Westberry worked 30 hours of overtime each week. Dkt. 1 at 3-4, 6. Interstate also assumed that Mr. Westberry claimed that he received no compensation for overtime work and noted that "Plaintiff's complaint does not state the manner in which he intends to calculate his alleged overtime claim." *Id.* at 3.

Mr. Westberry contends that these assumptions are incorrect because the complaint was merely an estimate of Mr. Westberry's overtime, Mr. Westberry was paid for all hours he worked, and Mr. Westberry's logbooks demonstrate the actual hours of overtime he worked each week. Dkt. 6 at 7. Using his logbooks, Mr. Westberry calculates his overtime compensation as, at most, $4,186.97. Dkt. 7-2, Exh. 1 at 5.

Interstate does not dispute the accuracy of this calculation but contends only that it was entitled to rely on the allegations in the complaint. The Court therefore finds that, for

ORDER - 3

purposes of this jurisdictional analysis, Mr. Westberry seeks $4,186.97 as compensation for hours worked overtime.

Second, Mr. Westberry contends that he is entitled to double damages for only a four-month period and that Interstate erroneously assumed that, if successful, Mr. Westberry would be entitled to double recovery of all damages. Dkt. 6 at 9.

RCW 49.52.050(2) makes it a misdemeanor for an employer to "[w]ilfully and with intent to deprive the employee of any part of his wages, . . . pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract." RCW 49.52.050(2). As a civil penalty for such a violation, employers are liable for "twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees." RCW 49.52.070. This statute is construed liberally. *Flower v. T.R.A. Industries, Inc.*, 127 Wn. App. 13, 35 (2005), *rev. denied*, 156 Wn.2d 1030 (2006). By providing for costs and attorney fees, this statute provides a mechanism for recovery even where the wages wrongfully withheld may be small. *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 159 (1998).

The critical determination in a case under RCW 49.52.070 for double damages is whether the employer's failure to pay wages was "willful." *Id*. There are two instances when an employer's failure to pay wages is not deemed willful: (1) the employer's failure to pay was careless or (2) there was a "bona fide" dispute between the employer and the employee regarding the payment of wages. *Id.* at 160. The question of whether an employer acts "willfully" for purposes of RCW 49.52.070 is a question of fact but may be decided as a matter of law if there is no dispute as to the material facts. *Id.*

In this case, Mr. Westberry contends that prior to the Washington State Supreme Court's decision in *Bostain v. Food Express*, 159 Wn.2d 700 (2007), Interstate was entitled to rely on the DLI's determination that interstate truck drivers were entitled to overtime compensation only for overtime hours worked within the State of Washington.

ORDER - 4

Dkt. 6 at 9. In *Bostain*, the court held, as a matter of first impression, that Washington-based truck drivers engaged in interstate transportation are entitled to overtime compensation for all hours worked, whether within Washington State or outside the state. *Bostain*, 159 Wn.2d at 710. Neither party clarifies how much of Mr. Westberry's claimed overtime compensation, if any, is attributable to hours worked outside of Washington State. The Court therefore cannot determine the effect of the *Bostain* decision on Mr. Westberry's entitlement to double damages and assumes that Mr. Westberry's request for double damages applies to the entire $4,186.97 he seeks.

Third, Mr. Westberry contends that Interstate's assumed amount of attorneys' fees incurred at the time of removal is inflated and that the Court may not consider attorneys' fees when determining the amount in controversy. Dkt. 6 at 11 n.12. If attorneys' fees are recoverable by statute, the claimed fees may be included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). At the time of the removal, Interstate estimated Mr. Westberry had incurred $25,000 in attorneys' fees. Dkt. 1 at 5. Mr. Westberry's counsel declares under penalty of perjury that "[t]o the date of removal, the value of the time spent by plaintiff's counsel on the complaint was no more than $5,000." Dkt. 8 at 2.

Finally, Mr. Westberry contends that interest should not factor into the determination of the amount in controversy. Interstate contends that, notwithstanding the explicit language of 28 U.S.C. § 1332, "commentators and courts have acknowledged the existence of scenarios under which interest may be included in the calculation." Dkt. 10. Interstate fails to demonstrate any such scenarios, however, and the Court therefore declines to consider prejudgment interest in determining the amount in controversy in this matter.

It is apparent that the amount in controversy in this matter does not exceed $75,000, excluding interest and costs. In reaching this conclusion, the Court has

considered the extent of Mr. Westberry's claim for overtime compensation, in light of the actual number of overtime hours he claims to have worked and the fact that Mr. Westberry did receive some compensation for those hours; Mr. Westberry's claim for double damages, which at this juncture cannot reasonably be limited to any particular time period; and the amount of attorneys' fees Mr. Westberry incurred up until the time of removal. Because the jurisdictional threshold as not been met and Mr. Westberry asserts no federal claim or other basis for this Court's exercise of jurisdiction, the motion to remand is granted.

**C. ABSTENTION**

Alternatively, Mr. Westberry urges the Court to abstain exercising jurisdiction pursuant to the doctrine set forth in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

The *Burford* extension doctrine permits a court to "decline to rule on an essentially local issue arising out of a complicated state regulatory scheme." *U.S. v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001). *Burford* abstention constitutes an "extraordinary and narrow" exception. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996). The doctrine applies only if (1) "the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court"; (2) complex state law issues, regarding which state courts might have special competence, cannot be easily separated from federal issues; and (3) "federal review might disrupt state efforts to establish a coherent policy." *Morros*, 268 F.3d at 705.

In this case, Mr. Westberry contends that Interstate "is involved in state administrative proceedings concerning out-of-state overtime pay for truck drivers and the Supreme Court's *Bostain* decision. Dkt. 6 at 12.

The DLI is seeking to amend portions of the Washington Administrative Code in response to the Washington State Supreme Court's decision in *Bostain*. Dkt. 8-4, Exh. 2. On October 21, 2008, WAC 296-128-012(3) will be amended to provide that employers who relied on WAC 296-128-011(1) before March 1, 2007, the date of the *Bostain*

decision, may seek approval of their compensation systems as "reasonably equivalent" to compensating overtime. Wash. St. Reg. 08-15-178.

On December 13, 2007, Interstate sought the DLI's determination as to whether Interstate's rate of pay for line haul drivers is reasonably equivalent to paying half of the regular rate for overtime hours. Dkt. 8-6, Exh. 5. Interstate received such approval by letter dated July 18, 2008. Dkt. 11, Exh. A at 4. Mr. Westberry's reply does not address *Burford* abstention. Having determined that the Court lacks jurisdiction over this matter, the Court does not address whether *Burford* abstention is appropriate.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Remand (Dkt. 6) is **GRANTED**, and this matter is **REMANDED** to Washington State Superior Court, Pierce County.

DATED this 22nd day of August, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge